

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
11/09/2017

| | | |
|---|---|---|
| IN RE: § | | |
| SHANNON E. GARZA; aka § | CASE NO: 15-80446 | |
| WEATHERBY; fka PAIGE; aka § | | |
| WEATHERBY; aka GARZA, *et al* § | | |
|     Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| WILMINGTON SAVINGS FUND § | | |
| SOCIETY, FSB, DOING BUSINESS AS § | | |
| CHRISTIANA TRUST, NOT IN ITS § | | |
| INDIVIDUAL CAPACITY, BUT SOLELY § | | |
| AS TRUSTEE FOR BCAT 2015-13ATT § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-8006 | |
| § | | |
| SHANNON E. GARZA, *et al* § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

Wilmington Savings Fund Society filed a motion for summary judgment to determine the validity and extent of the Deed of Trust it holds on real property now owned by Enrique and Shannon Garza. Wilmington's motion for summary judgment is granted.

## Background

The Garzas purchased a home located at 8210 Piping Rock Street in Baytown, Texas, on November 9, 2007. (Case No. 15-80446, ECF No. 56 at 3). To finance their purchase, the Garzas executed a Note for $275,998.00 secured by both a Vendor's Lien on the property's warranty deed and a Deed of Trust in favor of Countrywide Bank. (Case No. 80446, ECF No. 56 at 3−4; ECF No. 26-1 at 1). The Deed of Trust contained an acceleration clause that allowed the lender to demand the right to payment in full in case of default and invoke the power of sale if a default was not cured. (*See* ECF No. 26-1 at 11–12). Countrywide subsequently assigned the

Note to Bank of America in September 2011; Bank of America assigned the Note to Wilmington in February 2016. (ECF No. 26-1 at 19–21).

On April 12, 2011, Bank of America's loan servicer, BAC Home Loans Servicing, sent the Garzas notice that they were in default of their loan obligations and that Bank of America was exercising its right of acceleration under the Deed of Trust. (ECF No. 26-1 at 30). However, a few months later, the law firm representing BAC and Bank of America sent notice to the Garzas that Bank of America was rescinding its election to accelerate the Deed of Trust on October 14, 2011. (ECF No. 26-1 at 34). Copies of this letter regarding the acceleration rescission were sent to the Garzas at their Piping Rock address via regular and certified mail. (ECF No. 29-1 at 42). Subsequently, in November 2011, the Garzas claim that they received another notice of acceleration sent on Bank of America's behalf. (ECF No. 28 at 1).

Under the Deed of Trust, the Garzas would be released from the security instrument once the amount borrowed was fully repaid. (ECF No. 1-1 at 18). On August 29, 2012, a release of lien was recorded in Chambers County reflecting that the Garzas had satisfied their repayment obligations and Bank of America received full value for the loan it provided. (ECF No. 1-1 at 26). However, in August of 2015, a rescission of this release was filed in Chambers County claiming that the original release of lien was improperly recorded due to an inadvertence or mistake. (ECF No. 1-1 at 27–29).

The Garzas filed a chapter 13 bankruptcy petition in December 2015, which led to this adversary proceeding regarding the status of the Deed of Trust securing their home. (*See* Case No. 15-80446 ECF No. 1). The Garzas claim that the security interest is no longer enforceable because Bank of America accelerated its lien but failed to foreclose on the property in the required time. (ECF No. 14 at 1). Wilmington argues that the acceleration was properly

abandoned and that it retained the right to enforce its security interest; it is entitled to a judgment which judicially rescinds the release or lien recorded in August 2012; and a claim for trespass to try title. (ECF No. 26 at 5–7).

## Jurisdiction

The district court has original jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056 (incorporating Rule 56 in adversary proceedings). A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence to support an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 326 (1986). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322-24. The non-moving party must cite to specific evidence demonstrating a genuine dispute. FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 324. The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

*Acceleration and Abandonment*

Under Texas law, a creditor has four years to foreclose on real property after the debt secured by its deed of trust is accelerated. TEX. CIV. PRAC. & REM. CODE § 16.035(a). If the creditor fails to foreclose during the four-year window, its "real property lien and a power of sale to enforce the real property lien become void." § 16.035(d). However, at any time during that four-year window, the creditor may abandon its acceleration, which restores the original maturity date of the note and releases the creditor from its obligation to foreclose. *Khan v. GBAK Prop., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Courts have allowed creditors to unilaterally abandon acceleration unless the debtor has objected to the abandonment or detrimentally relied on the acceleration. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015).

Abandonment is rooted in the theory of wavier. *Id*. Acceleration is a contractual right held by a creditor, and a creditor's relinquishment of that right releases the creditor from the corresponding statutory obligations incurred under that right. *Id*. As a result, a creditor may demonstrate abandonment through the same methods as waiver: "either expressly, through a clear repudiation of a right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015).

Wilmington provided copies of the acceleration notice BAC sent the Garzas on behalf of Bank of America. (ECF No. 26-1 at 30–31). The notice was dated April 12, 2011, which initiated the four-year window for Bank of America to foreclose on the property or lose its security interest. *See* § 16.035(a). However, on October 14, 2011, a law firm representing Bank of America and BAC sent individual letters to Enrique and Shannon Garza at the Piping Rock

address, which stated, "The Mortgagee . . . hereby rescinds the notice of acceleration and all prior notices of acceleration." (ECF No. 29-1 at 33–41). Additionally, Bank of America provided evidence in the form of a business record affidavit from a law firm employee who stated that he mailed these letters to the Garzas' last known address on October 14, 2011. (ECF No. 29-1 at 42). This provided the Garzas with unequivocal notice that the loan holder abandoned its acceleration, stopping the four-year clock and reinstating the original rights in the security interest and maturity date.

The burden then shifts to the Garzas to demonstrate that a genuine issue of material fact exists regarding this issue. The Garzas do not refute that the October 14, 2011 letter abandoned acceleration. (ECF No. 28 at 1). Rather, they provide another letter from Reconstruct Company dated November 15, 2011, which states, "Payment of the past due balance on the debt has not been received by [Bank of America]. Because of this default, the mortgagee has elected to ACCELERATE the maturity of the debt." (ECF No. 25-1 at 2). This letter creates a genuine issue of material fact as to whether Bank of America had reinstated the acceleration of the debt, which required the security interest holder to either abandon the acceleration or foreclose on the Garza's property by November 16, 2015.

Wilmington claims that the November 15, 2011 letter is also ineffective due to abandonment. Wilmington points to its own notice of acceleration issued to the Garzas on October 26, 2015, as evidence that Wilmington abandoned all other prior accelerations. The letter stated: "Your account is in default. . . . If you have not cured this default within forty-five (45) days of this notice, Selene will accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable." (ECF No. 29-1 at 3–4). Wilmington provided evidence that the letters were properly sent via certified mail to the Garzas

at their Piping Rock address through its affidavits. (ECF No. 30-1 at 1). The notice was sent before the four-year window for foreclosure had elapsed. (ECF No. 30-1 at 3). As a result, the outcome of this summary judgment motion rests on the narrow issue of whether Wilmington's notice of acceleration was adequate to abandon all prior acceleration attempts.

Contractual rights are freely assignable under Texas law along with corresponding contractual obligations. *See State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 705–07 (Tex. 1996); *see also El Paso Mktg., LP v. Wolf Hollow I, LP*, 383 S.W.3d 138, 143 (Tex. 2012). Thus, when Bank of America assigned its rights under the Deed of Trust to Wilmington, Wilmington not only accepted the right to receive the Garza's payment but also the obligation to foreclose within the four-year time span after the latest acceleration notice. As discussed earlier, an outright repudiation of acceleration is not required to establish abandonment. *G.T. Leach Builders,* 458 S.W.3d at 511. A creditor's actions may also give rise to implied abandonment. *Id*.

The Fifth Circuit has allowed a wide range of conduct to constitute abandonment. In *Boren*, the Fifth Circuit held that acceleration was abandoned when a creditor offered to deem a mortgage current if the homeowner paid the defaulted amount rather than the entire balance of the loan. 807 F.3d at 106. Similarly, in *Leonard v. Ocwen Loan Servicing, LLC*, a creditor that sent a debtor account statements indicating overdue balances and requesting payments of only the past due amounts was also sufficient to abandon acceleration. 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam).

The letter Wilmington's loan servicer sent the Garzas incorporates aspects of the account statements in *Leonard* as well as *Boren*'s reduction in amount. The letter offers the Garzas 45 days to cure their default by paying $181,636.32, which accounts only for the amount past due

rather than the full accelerated amount of $335,673.15 that Reconstruct previously demanded. (*See* ECF No. 29-1 at 3; ECF No. 25-1 at 2). After inheriting the right to the fully accelerated amount, Wilmington's subsequent communications with the Garzas indicated that they abandoned that right by demanding only the default amounts. Although the Garzas sought to use the latest acceleration demand to introduce a genuine issue of material fact, Wilmington's October letter satisfies the requirements for abandonment. As a result, Wilmington's motion for summary judgment on the acceleration issue is granted.

*Release of Lien*

Wilmington also seeks a judgment which judicially rescinds and removes the release of lien in an effort to quiet title to the property. (ECF No. 26 at 7–8). In Texas, a release may be rescinded for lack of consideration. *Murray v. Crest Const., Inc.*, 900 S.W.2d 342, 344 (Tex. 1995). In *Murray*, a dispute arose between a general contractor and subcontractor regarding payment for a building project. *Id*. The parties negotiated a settlement in which the subcontractor waived its lien over the property in exchange for payment. *Id*. However, when the general contractor failed to pay, the subcontractor rescinded its waiver. *Id*. The Texas Supreme Court held that this rescission was valid because "when a claim is released for a promised consideration that is not given, the claimant may treat the release as rescinded and recover on the claim." *Id*.

The Deed of Trust required that the Garzas fully repay the loan before a release was tendered. (ECF No. 1-1 at 26). Wilmington has presented evidence indicating that the loan remains unpaid such as the account statements sent to the Garzas which indicated the amounts past due owed to Wilmington. (*See* ECF No. 29-1 at 3). The Garzas do not dispute that the debt owed to Wilmington remains unpaid and do not offer any evidence to dispute this fact. (*See*

*generally* ECF No. 28). Rather, the Garzas sought to rely solely on the notice of acceleration as a defense to the lien. (ECF No. 28 at 1–2).

The release was initially issued indicating that the Garzas had repaid their debts owed under the Deed of Trust. However, the uncontested evidence shows that the Garzas were still obligated to repay additional amounts of money which they had borrowed to purchase their home. As a result, the Garzas failed to satisfy a condition required to properly obtain the release, entitling Wilmington to rescind the release. *Murray,* 900 S.W.2d at 344. The Garzas have failed to provide or cite any evidence to the contrary, thus Wilmington's motion for summary judgment regarding the rescission of the release of lien is granted.

*Trespass to Try Title*

Wilmington also seeks summary judgment regarding its title. As set forth above, the release of lien is rescinded. The rescission of the release restores the status quo ante. The trespass to try title dispute is therefore moot.

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **November 9, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE